# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONTE ROLANDO HARRIS,<br><br>   Plaintiff,<br><br>   v.<br><br>H. A. RIOS, et al.,<br><br>   Defendants.<br>_____/ | CASE NO. 1:09-cv-00781-YNP<br><br>ORDER DENYING MOTION<br><br>(Doc. 8.) |

Plaintiff Donte Rolando Harris ("Plaintiff") is a federal prisoner proceeding pro se and in forma pauperis in this action. On June 3, 2009, Plaintiff filed a motion for a temporary restraining order. (Doc. #8.) Plaintiff claims that the defendants in this action ("Defendants") are intercepting his mail. Plaintiff asks that the Court issue a temporary restraining order enjoining Defendants from intercepting Plaintiff's mail. Plaintiff has consented to jurisdiction by U.S. Magistrate Judge. (Doc. #7.)

The purpose of a temporary restraining order/preliminary injunction is to preserve the status quo if the balance of equities so heavily favors the moving party that justice requires the court to intervene to secure the positions until the merits of the action are ultimately determined. University of Texas v. Camenisch, 451 U.S. 390, 395 (1981). In order to obtain a temporary restraining order, Plaintiff must establish (1) that he is likely to succeed on the merits, (2) that he is likely to suffer irreparable harm in the absence of preliminary relief, (3) that the balance of equities tips in his favor, and (4) that an injunction is in the public interest. Winter v. Natural Resources Defense Council, Inc., 129 S. Ct. 365, 374 (2008).

1

"[A] preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, <u>by a clear showing</u>, carries the burden of persuasion." <u>Mazurek v. Armstrong</u>, 520 U.S. 968, 972 (1997) (quotations and citations omitted) (emphasis in original). A party seeking a preliminary injunction simply cannot prevail when that motion is unsupported by evidence. With respect to motions for preliminary injunctive relief or a temporary restraining order, the Prison Litigation Reform Act ("PLRA") provides that:

> [i]n any civil action with respect to prison conditions, to the extent otherwise authorized by law, the court may enter a temporary restraining order or an order for preliminary injunctive relief. Preliminary injunctive relief must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm.

18 U.S.C. § 3626(a)(2).

Plaintiff's motion for a temporary injunction lacks any argument or evidence that demonstrates that Plaintiff is likely to succeed on the merits of his case, that the balance of equities tips in his favor, or that an injunction is in the public's interest. Plaintiff claims that prison officials are confiscating his mail because Plaintiff is under suspicion of running a business and prison officials are inspecting his mail to build a case. Plaintiff does not specify what irreparable harm he is likely to suffer in the absence of preliminary injunctive relief.

To the extent that Plaintiff contends that he is likely to suffer irreparable harm from an alleged violation of his First Amendment rights, the Court advises Plaintiff that given his incarceration, he possesses limited rights under the First Amendment: "a prisoner inmate retains those First Amendment rights that are not inconsistent with his [or her] status as a prisoner or with the legitimate penological objectives of the corrections system." <u>Pell v. Procunier</u>, 417 U.S. 817, 822 (1974). A regulation that impinges on First Amendment rights "is valid if it is reasonably related to legitimate penological interests." <u>Turner v. Safley</u>, 482 U.S. 78, 89 (1987). Plaintiff has not persuasively demonstrated that the confiscation of his mail in connection with "building a case" and investigation potential misconduct is not "reasonably related to legitimate penological interests."

Plaintiff is not entitled to a temporary restraining order. Plaintiff has not persuasively demonstrated that he is likely to succeed on the merits of this action, that he is likely to suffer

irreparable harm, that the balance of equities tips in his favor, or that an injunction is in the public's interest.

Accordingly, it is HEREBY ORDERED that Plaintiff's motion for a temporary restraining order, filed on June 3, 2009, is DENIED.

IT IS SO ORDERED.

Dated: **February 26, 2010**         /s/ **Gary S. Austin**
UNITED STATES MAGISTRATE JUDGE