# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONTE ROLANDO HARRIS, | CASE NO. 1:09-cv-00781-MJS PC |
| Plaintiff, | ORDER GRANTING PLAINTIFF'S MOTIONS FOR LEAVE TO FILE AN |
| v. | AMENDED COMPLAINT |
| H. A. RIOS, et al., | (Docs. 23, 26) |
| Defendants. | AMENDED COMPLAINT DUE IN THIRTY DAYS |

_____/

Plaintiff, an inmate in the custody of the U.S. Bureau of Prisons at the U.S. Penitentiary at Atwater, is proceeding in this civil action against defendant correctional officials employed by the Bureau of Prisons at Atwater. Pending before the court are Plaintiff's motions to supplement the complaint.

Plaintiff seeks to supplement the complaint to include allegations of conduct that occurred in 2007 and 2008. The complaint in this action sets forth allegations of conduct that occurred as late as March of 2009. Federal Rule of Civil Procedure 15(d) provides that a court may permit a party to supplement his pleading, "setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." The proposed supplementation concerns occurrences that happened within the time frame of the complaint.

Pursuant to Federal Rule of Civil Procedure 15(a), Plaintiff may amend his complaint once, as a matter of course, so long as a responsive pleading has not been filed. There has been no service of process and no defendant has entered an appearance. The Court will therefore deny plaintiff's

1

motion for leave to supplement the complaint, but will grant plaintiff leave to file an amended complaint pursuant to Rule 15(a).

Plaintiff is advised that the amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights, Hydrick, 500 F.3d at 987-88. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1965 (2007) (citations omitted).

Finally, plaintiff is advised that an amended complaint supercedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded pleading," Local Rule 220. Plaintiff is warned that "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

Accordingly, based on the foregoing, it is HEREBY ORDERED that:

1.      Plaintiff's motions for leave to file a supplemental complaint are denied;

2.      Plaintiff is granted leave to file an amended complaint pursuant to Federal Rule of Civil Procedure 15(a);

3.      The Clerk's Office shall send to plaintiff a complaint form;

4.      Within **thirty (30) days** from the date of service of this order, plaintiff shall file an amended complaint;

5.      Plaintiff may not add any new, unrelated claims to this action via his amended complaint and any attempt to do so will result in an order striking the amended complaint.

//
//
//
//

2

6.      If Plaintiff fails to file an amended complaint, the Court will screen the original complaint.

IT IS SO ORDERED.

**Dated:**   **May 27, 2010**                     /s/ *Michael J. Seng*

UNITED STATES MAGISTRATE JUDGE