UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONTE ROLANDO HARRIS,<br><br>        Plaintiff,<br><br>   v.<br><br>H.A. RIOS, et al.,<br><br>        Defendants.<br>_____/ | CASE NO.   1:09-CV-0781-MJS (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION TO DISMISS THIRD AMENDED COMPLAINT<br><br>(ECF No. 48)<br><br>ORDER FOR DISMISSAL OF CERTAIN OF PLAINTIFF'S CLAIMS AND DEFENDANTS<br><br>(ECF Nos. 49 and 50) |

## I.  INTRODUCTION

Plaintiff Donte Rolando Harris is a federal prisoner proceeding pro se and in forma pauperis in this civil action filed April 27, 2009. (ECF No. 1.) Plaintiff has consented to magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c)(1).

On December 6, 2011, after reviewing Plaintiff's Third Amended Complaint, the Court ordered Plaintiff to notify the Court of his willingness to withdraw the Third Amended Complaint and proceed only on cognizable claims in the Second Amended Complaint (dismissing all other claims and Defendants) or see his entire case dismissed. (ECF No. 49.)

Plaintiff has since notified the Court of his willingness to withdraw the Third Amended

Complaint and proceed only on the previously identified cognizable claims in the Second Amended Complaint. (ECF No. 50.)

Accordingly, all claims in Plaintiff's Second Amended Complaint except for his First Amendment claim against Defendants Gonzaga, Cobbs, Zaragoza, and Valero, and his due process claim against Defendants Estrada, Cobbs, Valero, and Zaragoza, should now be dismissed. All of the Defendants named in the Second Amended Complaint except for Gonzaga, Cobbs, Zaragoza, Valero and Estrada should also now be dismissed.

Plaintiff's Motion To Dismiss Third Amended Complaint filed December 5, 2011 is HEREBY DENIED as moot. (ECF No. 48.) Plaintiff has withdrawn the Third Amended Complaint.

## II. **ANALYSIS**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915(A)(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(A)(b)(1),(2).

The Court reviewed Plaintiff's Second Amended Complaint pursuant to this statute and issued a Screening Order on April 5, 2011. (ECF No. 42). In that Order, the Court identified found specified cognizable claims. (Id.).

The Court first addressed Plaintiff's claim Defendants violated his First Amendment right to receive mail. The court found sufficient factual allegations of inordinate delay in delivery of seized mail to state a cognizable First Amendment claim against Defendants Gonzaga, Cobbs, Zaragoza, and Valero.

The Court then reviewed, under the heightened scrutiny standard applicable to interference with outgoing mail, Plaintiff's claim that Defendants violated his First Amendment right to send mail. The Court found that Plaintiff alleged facts sufficient to state a First Amendment claim against Defendant Cobbs for interception and seizure of

Plaintiff's outgoing mail.

Next the Court examined Plaintiff's claim for violation of a due process liberty interest as to seized mail. The Court found facts showing repeated seizure of mail for extended periods of time, without notice or opportunity to protest, sufficient to state a cognizable due process claim against Defendants Estrada, Cobbs, Valero, and Zaragoza.

Finally, the Court concluded that Plaintiff failed to allege facts sufficient to personally link Defendants Rios, Fisher, and Lepe to any violation of Plaintiff's rights.

Plaintiff was ordered to notify the Court of willingness to withdraw the Third Amended Complaint and proceed only on cognizable claims in the Second Amended Complaint with dismissal of all other claims and Defendants. Plaintiff has so notified the Court. (ECF No. 50.) Accordingly, Plaintiff's other claims and all other Defendants should now be dismissed.

## III. ORDER

Based on the foregoing, it is HEREBY ORDERED that:

1. All claims in Plaintiff's Second Amended Complaint except his First Amendment claim and his due process claim be DISMISSED without prejudice;

2. The following Defendants be DISMISSED from this action: H.A. Rios; M. Fisher; and Lepe;

3. Plaintiff be permitted to proceed on his First Amendment claims against Defendants Gonzaga, Cobbs, Zaragoza, and Valero, and his due process claims against Estrada, Cobbs, Valero, and Zaragoza. The Court notes that it views the due process claims of this Bivens Plaintiff as arising under the Fifth Amendment rather than the Fourteenth Amendment;[1] and

---

[1] The Ninth Circuit has stated: "[a]ctions under § 1983 and those under Bivens are identical save for the replacement of a state actor under § 1983 by a federal actor under Bivens." Van Strum v. Lawn, 940 F.2d 406, 409 (9th Cir.1991), such that the standard for review of due process claims under the Fifth Amendment and the Fourteenth Amendment is the same. See Betts v. Brady, 316 U.S. 455, 462, 62 S.Ct. 1252, 86 L.Ed. 1595 (1942), overruled on other grounds by Gideon v. Wainwright 372 U.S. 335, 83 S.Ct. 792 (1963) ("Due process of law is secured against invasion by the federal Government by the Fifth

4.     Plaintiff's Motion To Dismiss Third Amended Complaint is DENIED as moot.

IT IS SO ORDERED.

Dated:   December 22, 2011               /s/ *Michael J. Seng*
                                         UNITED STATES MAGISTRATE JUDGE

---

Amendment and is safe-guarded against state action in identical words by the Fourteenth [Amendment].").

-4-