# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

DONTE ROLANDO HARRIS,

              Plaintiff,

    v.

H. A. RIOS, et al.,

              Defendants.

_____/

CASE No. 1:09-cv-00781-MJS (PC)

ORDER DENYING PLAINTIFF'S MOTION
FOR TEMPORARY RESTRAINING ORDER
AND OTHER INJUNCTIVE RELIEF

(ECF No. 80)

## I.    PROCEDURAL BACKGROUND

Plaintiff Donte Rolando Harris, a federal prisoner proceeding pro se, filed this civil rights action on April 27, 2009 pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388, 91 S.Ct. 1999 (1971). (ECF No. 1.)

This action arose while Plaintiff was incarcerated at the Federal Correctional Institution - Atwater, California ("FCI Atwater") and proceeds on Plaintiff's Second

1

Amended Complaint against Defendants Gonzaga, Cobb, Zaragoza, and Valero for interfering with incoming mail and against Defendant Cobb for interfering with outgoing mail in violation of Plaintiff's rights under the First Amendment; and against Defendants Estrada, Cobb, Valero, and Zaragoza for violating Plaintiff's Fourteenth Amendment due process rights in connection with his mail. Defendants filed their Answer on October 25, 2012. (ECF No. 69.) This matter is in the discovery phase.

Plaintiff propounded requests for admissions and production of documents in November 2012, and, receiving no responses, filed a Motion to Compel Discovery Dispute Resolution in January 2013. (ECF No. 74.) Counsel for Defendants filed opposition to the Motion stating the discovery responses had been served. (ECF No. 75.) Plaintiff then requested the Court dismiss his Motion. (ECF No. 76.) On February 22, 2013 the Court denied without prejudice Plaintiff's Motion to Compel Discovery Dispute Resolution. (ECF No. 77.)

Plaintiff, now incarcerated at the Federal Correctional Institution - Terre Haute, Indiana ("FCI Terre Haute") contends non-party Bureau of Prisons staff members K. Sierveld and T. Coleman, have not delivered the discovery responses and are improperly in contact with defense counsel in this action regarding "unauthorized content" in the discovery responses. (ECF No 81, at 1.)

Plaintiff filed Partial Objections (ECF No. 82) to the Court's February 22, 2013 Order on grounds BOP staff at FCI Terre Haute had not delivered the subject discovery responses to him. On March 18, 2013, the Court construed his Partial Objection as a motion for reconsideration and denied it. (ECF No. 83.)

Pending before the Court is Plaintiff's Motion for Temporary Restraining Order

2

and Other Injunctive Relief filed on March 4, 2013. (ECF No. 80.) Therein Plaintiff seeks an order enjoining defense counsel from any further contact with K. Sierveld and T. Coleman and other BOP staff and requiring staff provide the discovery responses to him. Defendants have not filed any opposition. The time for doing so has expired. Local Rule 230(l).

## II.    LEGAL STANDARDS

Injunctive relief, whether temporary or permanent, is an "extraordinary remedy, never awarded as of right." Winter v. Natural Res. Defense Council, 555 U.S. 7, 22 (2008). To prevail, the party seeking injunctive relief must show either "(1) a likelihood of success on the merits and the possibility of irreparable injury, or (2) the existence of serious questions going to the merits and the balance of hardships tipping in [the moving party's] favor." Oakland Tribune, Inc. v. Chronicle Publishing Company, Inc., 762 F.2d 1374, 1376 (9th Cir. 1985), quoting Apple Computer, Inc. v. Formula International, Inc., 725 F.2d 521, 523 (9th Cir. 1984); see City of Los Angeles v. Lyons, 461 U.S. 95, 101–102 (1983) (plaintiff must show "real and immediate" threat of injury).

Requests for prospective relief are further limited by 18 U.S.C. § 3626(a)(1)(A) of the Prison Litigation Reform Act ("PLRA"), which requires that the court find the "relief [sought] is narrowly drawn, extends no further than necessary to correct the violation of the federal right, and is the least intrusive means necessary to correct the violation of the federal right."

Injunctive relief should be used "sparingly, and only . . . in clear and plain case[s]." Rizzo v. Goode, 423 U.S. 362, 378 (1976).

1

2

3

4

5

III.   **ANALYSIS**

      A.   **No Relief Against Non-Parties**

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

      Plaintiff seeks injunctive relief against individuals who are not named defendants in this action and over whom the Court has no personal jurisdiction.

      "A federal court may issue an injunction if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may not attempt to determine the rights of persons not before the court." Zepeda v. United States Immigration Service, 753 F.2d 719, 727 (9th Cir. 1985). The attorney of a party, and those acting in concert with a party, may be bound by an injunction issued against the party pursuant to Federal Rule of Civil Procedure 65. Regal Knitwear Co., v. N.L.R.B., 324 U.S. 9, 14, (1945); Golden State Bottling Co., Inc., v. N.L.R.B., 414 U.S. 168, 178 (1973). However, Rule 65 does not confer personal jurisdiction where it otherwise is lacking. Citizens Concerned for Separation of Church and State v. City and County of Denver, 628 F.2d 1289, 1299 (10th Cir. 1980). "Having a relationship to an enjoined party of the sort set forth in Rule 65(d) exposes a non-party to contempt for assisting the party to violate the injunction, but does not justify granting injunctive relief against the non-party in its separate capacity." Federal Trade Com'n v. Productive Marketing, Inc., 136 F.Supp.2d 1096, 1104 (C.D. Cal. 2001), citing Additive Controls & Measurement Systems, Inc., v. Flowdata, Inc., 96 F.3d 1390, 1395-96 (Fed. Cir. 1996).

23

24

25

      The Court lacks jurisdiction to grant the injunctive relief sought on this motion.

      B.   **No Basis for Injunctive Relief**

26

27

            1.   <u>No Case or Controversy</u>

Plaintiff's concerns with the way BOP staff is processing the discovery responses are unrelated to the case and controversy before the Court in this action. The Court has no power to reach Plaintiff's concerns because they are not part of any cognizable claim before it. <u>Valley Forge Christian Coll. v. Ams. United for Separation of Church and State Inc.,</u> 454 U.S. 464, 471 (1982).

    2.  <u>No Irreparable Harm</u>

Even if Plaintiff's concerns regarding BOP's processing of discovery responses mailed to him were properly before the Court, he fails to demonstrate irreparable harm entitling him to injunctive relief. <u>See</u> <u>City of Los Angeles v. Lyons</u>, 461 U.S. 95, 101–102 (1983) (plaintiff must show "real and immediate" threat of injury, and "past exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief . . . if unaccompanied by any continuing, present, adverse effects.").

It is unclear why the discovery responses have not been delivered to him, or whether he was given or has exercised any process to challenge the BOP's processing of the discovery responses (e.g., through the inmate appeal and staff complaint process), and any results thereof. BOP staff may have a penologic purpose in their processing the content of the discovery responses.

Plaintiff asserts that contact between BOP staff and defense counsel regarding the discovery responses gives rise to a "conflict of interest" because "Defendants are BOP employees". However, Plaintiff provides no factual or legal basis for claiming a conflict of interest which interferes with Plaintiff's enforceable rights. Moreover, no facts are presented to indicate that Plaintiff is in fact harmed by communications between the BOP staff and defendants.

Plaintiff does not explain the nature and content of any discussion between BOP staff and defense counsel. It is unclear why such speech would be unprotected by the First Amendment, see Multimedia Holdings Corp., v. Circuit Court of Florida, St. Johns County, 544 U.S. 1301, 1306 (2005) (procedures designed to chill expression can constitute a prior restraint), and that such discussion is not reasonably related to legitimate penological interests. Turner v. Safley, 482 U.S. 78, 89 (1987).

Finally, Plaintiff does not show that delay in receiving the discovery responses has harmed him. Action on this motion is without prejudice to his seeking available relief if the delay does in fact adversely affect his pursuit of this litigation.

3.      Balance of Hardships Not in Plaintiff's Favor

Given the foregoing findings, the balance of hardships can not favor Plaintiff.

The failure of BOP staff to deliver the discovery responses to Plaintiff may justify other action by Plaintiff against that staff, but not against Defendants in this litigation who reportedly have done what they were required to do with regard to this discovery.

Absent the existence of exceptional circumstances not present here, the Court will not intervene in the day-to-day management of prisons. See e.g., Overton v. Bazzetta, 539 U.S. 126, 132 (2003) (prison officials entitled to substantial deference); Sandin v. Conner, 515 U.S. 472, 482-83 (1995) (disapproving the involvement of federal courts in the day-to-day-management of prisons).

## IV.    CONCLUSIONS AND ORDER

It appears Defendants have complied with their discovery responsibilities.

Plaintiff's Motion seeks injunctive relief against only non-parties, without any underlying case or controversy, irreparable harm, or balance of hardships favoring him.

Such injunctive relief is not available in this action.

Even if Plaintiff had sought to enjoin Defendants from communicating with BOP staff, his request for injunctive relief would be denied, primarily because it is unclear Plaintiff is likely to succeed on the merits and he has identified no harm accruing to him that the Court can relieve.

Based on the foregoing, it is HEREBY ORDERED that Plaintiff's Motion for Temporary Restraining Order and Other Injunctive Relief filed on March 4, 2013 (ECF No. 80) is DENIED.


IT IS SO ORDERED.

Dated:   April 17, 2013          /s/ *Michael J. Seng*

UNITED STATES MAGISTRATE JUDGE

7