1

2

3

4

5

6

7

8

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

9   DONTE ROLANDO HARRIS,                    CASE No. 1:09-cv-00781-MJS (PC)

10                                           ORDER DENYING WITHOUT PREJUDICE
                         Plaintiff,          PLAINTIFF'S MOTION TO COMPEL
11                                           DOCUMENT PRODUCTION UNDER SET
                                             TWO REQUEST FOR PRODUCTION
12         v.
                                             (ECF No. 90)
13
     H.A. RIOS, et al.,
14

15                       Defendants.
                                          /
16

17   **I.     PROCEDURAL HISTORY**

18         Plaintiff Donte Rolando Harris, a federal prisoner proceeding pro se, filed this

19   civil rights action on April 27, 2009 pursuant to <u>Bivens v. Six Unknown Named Agents</u>

20   <u>of Federal Bureau of Narcotics</u>, 403 U.S. 388, 91 S.Ct. 1999 (1971). (ECF No. 1.)

21         The action arose while Plaintiff was incarcerated at the Federal Correctional

22   Institution - Atwater, California ("FCI Atwater") and proceeds on Plaintiff's Second

23   Amended Complaint against Defendants Gonzaga, Cobb, Zaragoza, and Valero for

24   interfering with incoming mail and against Defendant Cobb for interfering with outgoing

25   mail in violation of Plaintiff's rights under the First Amendment; and against Defendants

26   Estrada, Cobb, Valero, and Zaragoza for violating Plaintiff's Fourteenth Amendment

27   due process rights in connection with his mail. Defendants filed their Answer on

28   October 25, 2012. (ECF No. 69.) This matter is in the discovery phase.

Now pending before the Court is Plaintiff's Motion to Compel Production of documents under his request for production set two. (ECF No. 90.)

## II.   LEGAL STANDARDS

### A.   Discovery Motions

Plaintiff is a federal prisoner proceeding pro se. As a result, the parties were relieved of some of the requirements which would otherwise apply, including initial disclosure and the need to meet and confer in good faith prior to involving the Court in a discovery dispute. Fed. R. Civ. P. 26(a)(1); Fed. R. Civ. P. 26(c); Fed. R. Civ. P. 37(a)(1); Local Rule 230; ECF No. 70 at ¶5.

However, regardless of Plaintiff's incarceration, this is a civil action to which the Federal Rules of Civil Procedure apply, and the discovery process is subject to the overriding limitation of good faith. Asea, Inc. v. Southern Pac. Transp. Co., 669 F.2d 1242, 1246 (9th Cir. 1981). Parties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense, and for good cause, the Court may order discovery of any matter relevant to the subject matter involved in the action. Fed. R. Civ. P. 26(b)(1). Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence. Id.

Generally, if the responding party objects to a discovery request, the party moving to compel bears the burden of demonstrating why the objections are not justified. E.g., Grabek v. Dickinson, 2012 WL 113799, at *1 (E.D. Cal. Jan. 13, 2012); Mitchell v. Felker, 2010 WL 3835765, at *2 (E.D. Cal. Sep. 29, 2010); Ellis v. Cambra, 2008 WL 860523, at *4 (E.D. Cal. Mar. 27, 2008). This requires the moving party to inform the Court which discovery requests are the subject of the motion to compel, and, for each disputed response, why the information sought is relevant and why the responding party's objections are not meritorious. Grabek, 2012 WL 113799, at *1; Womack v. Virga, 2011 WL 6703958, at *3 (E.D. Cal. December 21, 2011).

Nonetheless, the Court is vested with broad discretion to manage discovery,

Hunt v. County of Orange, 672 F.3d 606, 616 (9th Cir. 2012); Surfvivor Media, Inc. v. Survivor Productions, 406 F.3d 625, 635 (9th Cir. 2005); Hallett v. Morgan, 296 F.3d 732, 751 (9th Cir. 2002), and where the discovery request seeks information which, based on the record, is clearly within the scope of discovery and the objection lacks merit, the Court may elect to exercise its discretion to reach the merits of the dispute, the moving party's initial burden notwithstanding. Marti v. Baires, 2012 WL 2029720, at *3 (E.D. Cal. Jun. 5, 2012); Williams v. Adams, 2009 WL 1220311, at *1 (E.D. Cal. May 4, 2009).

Courts in the Eastern District of California have required, "at a minimum, [that] the moving party plaintiff has the burden of informing the court (1) which discovery requests are the subject of his motion to compel, (2) which of the defendant's responses are disputed, (3) why he believes the defendant's responses are deficient, (4) why the defendant's objections are not justified, and (5) why the information he seeks through discovery is relevant to the prosecution of this action." Walker v. Karelas, 2009 WL 3075575 at *1 (September 21, 2009); Brooks v. Alameida, 2009 WL 331358 at *2 (February 10, 2009).

The court must limit discovery if the burden of the proposed discovery outweighs its likely benefit. Fed. R. Civ. P. 26(b)(2)(C)(iii). "In each instance [of discovery], the determination whether . . . information is discoverable because it is relevant to the claims or defenses depends on the circumstances of the pending action." Fed. R. Civ. P. 26 Advisory Committee's note (2000 Amendment) (Gap Report) (Subdivision (b)(1)).

**B.    Requests for Production**

A party may serve on any other party a request within the scope of Rule 26(b) to produce and permit the requesting party or its representative to inspect, copy, test, or sample items in the responding party's possession, custody or control. Fed. R. Civ. P. 34(a)(1).

**III.   Discussion**

Plaintiff has not met his burden as moving party. He argues that he served a second set of requests for production on Defendants on April 24, 2013 and that "he has not received documents as requested and per order of the court." (ECF No. 90 at 1.) He fails to provide a copy of his set two request, to explain what relevant documents are sought, to advise if Defendants have responded and, if so, when and how; and to describe the extent to which Plaintiff disputes Defendants' response and objections.

Without the ability to evaluate the reason for, nature, scope and reasonableness of Plaintiff's  discovery and  Defendants' responses , if any, the Court cannot rule on Plaintiff's motion.

Accordingly, Plaintiff's Motion shall be denied without prejudice to his bringing a motion to compel which complies with the standards provided in this Order.

**IV.   ORDER**

Based on the foregoing, it is HEREBY ORDERED that Plaintiff's Motion to Compel Production of documents under his set two request for production (ECF No. 90) is DENIED without prejudice.

IT IS SO ORDERED.

Dated:    June 10, 2013           /s/ *Michael J. Seng*
                                  UNITED STATES MAGISTRATE JUDGE