# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

DONTE ROLANDO HARRIS,

    Plaintiff,

    v.

H.A. RIOS, et al.,

    Defendants.

CASE No. 1:09-cv-00781-MJS (PC)

**ORDER DENYING PLAINTIFF'S MOTIONS TO FILE SURREPLY AND TO STRIKE AND DENYING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

**(ECF Nos. 94, 103, 112)**

**CASE TO REMAIN OPEN**

## I.    PROCEDURAL HISTORY

Plaintiff is a federal prisoner proceeding pro se in this civil rights action filed pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971).

Pending before the Court are (1) a motion for summary judgment by Defendants Cobb, Estrada, Gonzaga, Valero, and Zaragoza, (2) Plaintiff's motion to strike portions of Defendants' motion, and (3) Plaintiff's motion to file a surreply to Defendants' motion.[1]

---

[1] Pursuant to Woods v. Carey, 684 F.3d 934 (9th Cir. 2012) and Rand v. Rowland, 154 F.3d 952 (9th Cir. 1998), the Court notified Plaintiff of his rights, obligations and methods for opposing Defendants' motion. (ECF No. 109.)

**II.   FACTUAL BACKGROUND**

The action arose while Plaintiff was incarcerated at the Federal Correctional Institution - Atwater, California ("Atwater"). It proceeds on Plaintiff's Second Amended Complaint against Defendants Gonzaga, Cobb, Zaragoza, Valero, and Estrada for confiscating and retaining Plaintiff's incoming and outgoing mail ("Mail Items") without providing notice of confiscation and a post-deprivation remedy (ECF No. 41, at 3-8). The Mail Items claimed to have been seized are described in the Second Amended Complaint as follows::

> November 7, 2007 incoming mail items Express Mail #'s EB215054867US and EB734930888US,
>
> May 25, 2008 outgoing Priority Mail envelope,
>
> April 2009 incoming Priority Mail Item # 2008 1140 0000 6011 6651,
>
> May 16, 2010 incoming Certified Mail item # 7008 1140 0000 8015 3898,
>
> July 26, 2010 incoming Certified Mail item # 7010 0780 0001 8760 1388,
>
> October 2010 outgoing Certified Mail package.

Defendants claim Plaintiff was suspected of using the mails to send and receive fraudulent financial documents. An investigation was initiated by the Atwater Office of Special Investigative Supervisor ("SIS"). Suspected fraudulent financial documents were seized from Plaintiff's mail as contraband (hereinafter the "Contraband Items", ECF No. 94-4, at Ex.'s 1-6g).

Plaintiff claims the Mail Items in issue in this action are not Contraband Items.

**III.   PLAINTIFF'S MOTION TO FILE SURREPLY**

The filing of a surreply is unauthorized by the Federal Rules of Civil Procedure and Local Rules. Plaintiff provides no justification for filing a surreply to Defendants' motion. The Court did not request or approve the surreply.

Accordingly, Plaintiff's motion to surreply (ECF No. 112) will be denied. The

1  proposed surreply ("Proposed Notice" - ECF No. 113) will be stricken from the record

2  without having been considered by the Court.

3  **IV.   PLAINTIFF'S MOTION TO STRIKE**

4      **A.   Legal Standard**

5      "The Court may strike from a pleading an insufficient defense, or any redundant,

6  immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Rule 12(f) is limited

7  to striking from a pleading only those specific matters which are provided for in the rule.

8  Whittlestone, Inc. v. Handi–Craft Co., 618 F.3d 970, 973-75 (9th Cir. 2010).

9      "A movant must show that the allegations are devoid of merit, unworthy of any

10  consideration, and unduly prejudicial." Facility Wizard Software, Inc. v. Southeastern

11  Technical Services, LLC, 647 F. Supp. 2d 938, 942 (N.D. Ill. 2009). A motion to strike is

12  generally disfavored. Heller Fin., Inc. v. Midwhey Powder Co., 883 F.2d 1286, 1294 (7th

13  Cir. 1989).

14      **B.   Arguments**

15          1.   Plaintiff

16      Plaintiff objects to Defendants' references in the summary judgment motion

17  papers to his conviction, the terms "sovereign citizen" and "bill][s] of exchange", and to

18  the Contraband Items. He argues they are impertinent, redundant and lack relevance.[2]

19  He seeks to strike them from Defendants' motion pursuant to Rule 12(f).

20          2.   Defendants

21      Defendants argue that Plaintiff's motion to strike is procedurally deficient

22  because Rule 12(f) applies only to pleadings. They also argue that Plaintiff has provided

23  no basis for the Court to use its inherent power to strike.

24      **C.   Discussion**

25      Plaintiff may not use Rule 12(f) to attack Defendants' motion. Matters outside the

26  pleadings are normally not considered on a motion to strike. Custom Foam Works, Inc.

27

28  [2] Plaintiff also wants to strike Defendants' affirmative defenses. (ECF No. 108, at 4.) There is no proper motion nor basis for such relief before the Court.

1  v. Hydrotech Systems, Ltd., 2010 WL 4386710, *1 (S.D. Ill. October 29, 2010) (motions

2  to strike pursuant to Rule 12(f) are appropriate only to strike matters contained in the

3  pleadings). Defendants' motion is not a pleading.

4    Even if the motion to strike were procedurally proper, it is not substantively so.

5  Plaintiff has not demonstrated that evidence of his conviction is more prejudicial than

6  probative. It may be probative insofar as it may reflect on his credibility. Fed. R. Evid.

7  403; Fed. R. Evid. 609.

8    The references to redemption theory, to the alleged fraudulent nature of financial

9  documents, and to the documents themselves are relevant to the propriety of

10  Defendants' confiscation of contraband. Fed. Rule Evid. 401. Plaintiff makes no

11  meaningful legal or factual argument to the contrary.

12    Plaintiff has not shown the matter he wishes to strike is harmful and thus

13  impertinent. Avon Pub Co v. American News Co., 122 F. Supp. 660, 662 (D.C.N.Y.

14  1954) (the test for impertinence is whether the allegations are calculated to be harmful).

15  He has not shown such matter is cumulative and redundant. Arias-Zeballos v. Tan,

16  2006 WL 3075528, *9 (D.C.N.Y., October 26, 2006) (a motion to strike must include

17  with particularity the grounds therefore).

18    For the reasons stated, Plaintiff's motion to strike will be denied.

19  **V.    DEFENDANTS' SUMMARY JUDGMENT MOTION**

20      **A.    Legal Standard**

21    Any party may move for summary judgment, and the Court shall grant summary

22  judgment if the movant shows that there is no genuine dispute as to any material fact

23  and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a);

24  Washington Mutual Inc. v. U.S., 636 F.3d 1207, 1216 (9th Cir. 2011). Each party's

25  position, whether it be that a fact is disputed or undisputed, must be supported by (1)

26  citing to particular parts of materials in the record, including but not limited to

27  depositions, documents, declarations, or discovery; or (2) showing that the materials

28  cited do not establish the presence or absence of a genuine dispute or that the

opposing party cannot produce admissible evidence to support the fact. Fed. R. Civ. P. 56(c)(1). While the Court may consider other materials in the record not cited to by the parties, it is not required to do so. Fed. R. Civ. P. 56(c)(3); Carmen v. San Francisco Unified School Dist., 237 F.3d 1026, 1031 (9th Cir. 2001).

If the moving party meets its initial responsibility, the burden then shifts to the opposing party to establish that a genuine issue as to any material fact actually does exist. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986).

In attempting to establish the existence of this factual dispute, the opposing party may not rely upon the denials of its pleadings, but is required to tender evidence of specific facts in the form of affidavits, and/or admissible discovery material, in support of its contention that the dispute exists. Fed. R. Civ. P. 56(c); Matsushita, 475 U.S. at 586 n.11. The opposing party must demonstrate that the fact in contention is material, i.e., a fact that might affect the outcome of the suit under the governing law, Thrifty Oil Co. v. Bank of Am. Nat'l Trust & Sav. Ass'n, 322 F.3d 1039, 1046 (9th Cir. 2002), and that the dispute is genuine, i.e., the evidence is such that a reasonable jury could return a verdict for the nonmoving party. Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006). Summary judgment must be entered, "after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

**B.   Arguments**

      1.   Defendants

Defendants' arguments are summarized as follows:

Plaintiff authored sham financial documents from his cell in pursuit of "sovereign citizen" and "redemption" theories he intended to use to extort monies and intimidate and harass federal employees involved in his criminal conviction. The Contraband Items were seized from Plaintiff's mail. Plaintiff admitted using the mails to transmit the Contraband Items.

1   Plaintiff's pleadings themselves allege interference with mailing of commercial

2   and Uniform Commercial Code ("UCC") content of a type fully consistent with the

3   Contraband Items confiscated. Plaintiff does not claim Defendants seized anything

4   other than the Contraband Items. Plaintiff has no constitutional right to use the mails to

5   commit financial fraud. Nor does he have any federally protected liberty or property

6   interest in the Contraband Items

7   Plaintiff's opposition shows he received notices that the Contraband Items had

8   been confiscated. He was provided the opportunity to, and did, grieve the confiscation.

9   Plaintiff has no constitutional right to engage in fraudulent activity through the

10  mail. No reasonable official would have thought that preventing Plaintiff from engaging

11  in such activity would be unlawful. Thus Defendants are immune from liability here.

12        2.    Plaintiff

13  In response, Plaintiff argues essentially as follows:

14  Defendants' irrelevant and improper character evidence makes it unnecessary

15  for him to file a responsive separate statement.

16  Given Defendants' discovery admission that the missing Mail Items were not

17  among the Contraband Items they seized, there are questions of fact whether the Mail

18  Items were contraband and also whether they were seized and retained without notice

19  and post-deprivation remedy.

20  Plaintiff was not given notice he was being investigated for any institutional

21  offense as required by BOP policy. This lack of notice shows the Mail Items were not

22  seized as contraband as part of an investigation.

23  There is a dispute whether the violation was of his clearly established rights to

24  send, receive and possess mail, thus defeating any qualified immunity, given

25  Defendants' discovery admission that the missing Mail Items were not seized as

26  contraband.

27  **C.    DISCUSSION**

28        1.    Plaintiff's Objections Overruled

1    Plaintiff's objections to the motion for summary judgment (ECF No. 104, at 1)

2    simply restate his motion to strike and are overruled on the same grounds.

3                 2.    Mail Interference and Due Process Claims Remain in Dispute

4    Prisoners have "a First Amendment right to send and receive mail." Witherow v.

5    Paff, 52 F.3d 264, 265 (9th Cir. 1995). However, there must be a "delicate balance"

6    between prisoners' First Amendment rights and the discretion given to prison

7    administrators to govern the order and security of the prison. Thornburgh v. Abbott, 490

8    U.S. 401, 407-408 (1989). A prison may adopt regulations or practices for incoming mail

9    which impinge on a prisoner's First Amendment rights as long as the regulations are

10   "reasonably related to legitimate penological interests." Turner v. Safley, 482 U.S. 78,

11   89 (1987). The Turner standard applies to regulations and practices concerning all

12   correspondence between prisoners and to regulations concerning incoming mail

13   received by prisoners from non-prisoners. Thornburgh, 490 U.S. at 413.

14   The Due Process Clause of the Fifth Amendment prohibits the United States

15   from depriving any person of life, liberty, or property without "due process of law."[3]

16   Dusenbery v. U.S., 534 U.S. 161, 167, citing Mullane v. Central Hanover Bank & Trust

17   Co., 339 U.S. 306, 313 (1950). "[W]ithhold[ing] delivery of [inmate mail] must be

18   accompanied by minimum procedural safeguards." Procunier v. Martinez, 416 U.S. 396,

19   417-18 (1974), overturned in part by Thornburgh, 490 U.S. at 413–14. The "minimum

20   procedural safeguards" are: (1) notifying the inmate that the mail was seized; (2)

21   allowing the inmate a reasonable opportunity to protest the decision; and (3) referring

22   any complaints to a prison official other than the one who seized the mail. Id., at 418-19;

23   Krug v. Lutz, 329 F.3d 692, 698 (9th Cir. 2003).

24

25   [3] The Ninth Circuit has stated: "[a]ctions under § 1983 and those under Bivens are identical save
     for the replacement of a state actor under § 1983 by a federal actor under Bivens." Van Strum v. Lawn,

26   940 F.2d 406, 409 (9th Cir. 1991), such that the standard for review of due process claims under the Fifth
     Amendment and the Fourteenth Amendment is the same. See Betts v. Brady, 316 U.S. 455, 462 (1942),

27   overruled on other grounds by Gideon v. Wainwright 372 U.S. 335 (1963) ("Due process of law is secured
     against invasion by the federal Government by the Fifth Amendment and is safe-guarded against state

28   action in identical words by the Fourteenth [Amendment].").

1    Defendants seized contraband financial and UCC documents mailed by and to

2    Plaintiff, i.e., the Contraband Items included with Defendants' motion. (ECF No. 94-4, at

3    ¶ 7-8; UMFs 6, 7(a-*l*.) They did so as part of a reasonable safety and security procedure

4    consistent with institutional policy and prisoner rights.

5        However, there is no competent evidence that the Contraband Items were seized

6    from Plaintiff's Mail Items. Defendants refer to allegations in Plaintiff's pleadings. (ECF

7    No. 1, at 5-9 and ECF No. 41, at 3-8). There Plaintiff alleged his banking records,

8    letters, UCC documents and confidential commercial information (ECF No. 1, at 34-35)

9    were seized and held in the Atwater mail room (Id., at 24) pending an investigation (Id.,

10   at 28) and that he is being punished for educating himself on commercial law and the

11   UCC. (ECF No. 41, at 8.)

12       Plaintiff does not dispute the Contraband Items are his (ECF No. 110, at 5) or

13   that he sent and received them through the mails. (ECF No. 94-3). He does claim they

14   were confiscated from his property bag upon his transfer out of Atwater rather than

15   directly from his mail. (ECF No. 104, at 2; ECF No. 110, at 16-17.)

16       What Plaintiff does dispute, is that Mail Items EB215054867US and

17   EB734930888US were confiscated by Defendants as contraband.[4] He offers Defendant

18   Gonzaga's admissions that these items were not among items seized as contraband.

19   (ECF No. 105, at 5, Ex. 3, Request No. 1.)

20       Plaintiff shows Mail items EB215054867US and EB734930888US were diverted

21   to the SIS without notice to him (ECF No. 110, at 1; ECF No. 104, at 4-5, 11) and

22   retained indefinitely. (ECF No. 94-3, at 11:9-17.) Defendants do not argue or show that

23   Plaintiff was provided notice of confiscation of any items that were not contraband.

24       The Court finds Plaintiff's evidentiary showing sufficient to establish a factual

25   dispute whether the Mail Items were non-contraband seized and retained by

26   Defendants without notice and opportunity for post-deprivation relief in violation of his

27   _____

28   [4] Plaintiff's dispute is not properly presented via responsive separate statement. However, given his pro se status, the Court will consider the evidentiary showing notwithstanding procedural deficiencies.

1 rights. See e.g., <u>Antonette v. Skolnik</u>, 748 F.Supp.2d 1201, 1211-12, (D. Nev. 2010)

2 (pro se inmate allegations that prison officials deprived him of incoming mail without

3 notice and post-deprivation remedy sufficient to state a § 1983 claim).

4       Defendants have not shown entitlement to judgment on the First and Fifth

5 Amendment claims.

6              3.    <u>Qualified Immunity Remains in Dispute</u>

7       Government officials enjoy qualified immunity from civil damages unless their

8 conduct violates "clearly established statutory or constitutional rights of which a

9 reasonable person would have known." <u>Harlow v. Fitzgerald</u>, 457 U.S. 800, 818 (1982).

10       Qualified immunity protects "all but the plainly incompetent or those who

11 knowingly violate the law." <u>Malley v. Briggs</u>, 475 U.S. 335, 341(1986). Therefore, "[i]f the

12 [defendant's] mistake as to what the law requires is reasonable . . . the [defendant] is

13 entitled to the immunity defense." <u>Saucier v. Katz</u>, 533 U.S. 194, 205 (2001), overruled

14 in part by <u>Pearson v. Callahan</u>, 555 U.S. 223, 227 (2009); <u>Estate of Ford v. Ramirez–

15 Palmer</u>, 301 F.3d 1043, 1050 (9th Cir. 2002). "The principles of qualified immunity

16 shield an officer from personal liability when an officer reasonably believes that his or

17 her conduct complies with the law." <u>Pearson</u>, 555 U.S. at 244.

18       Where there are factual disputes as to the parties' conduct or motives, the case

19 cannot be resolved at summary judgment on qualified immunity grounds. <u>Liston v.

20 County of Riverside</u>, 120 F.3d 965, 978 (9th Cir. 1997); <u>Collins v. Jordan</u>, 110 F.3d

21 1363, 1369 (9th Cir. 1997); <u>Alexander v. City of San Francisco</u>, 29 F.3d 1355, 1364 (9th

22 Cir.1994); <u>ACT UP!/Portland v. Bagley</u>, 988 F.2d 868, 873 (9th Cir. 1993). Such is the

23 case here, for the reasons discussed above.

24       Accordingly, Defendants' qualified immunity claim cannot be resolved on

25 summary judgment.

26 **VI.**  **CONCLUSIONS AND ORDER**

27       Plaintiff's motion to file surreply is unsupported and the surreply filed is

28 unauthorized. Plaintiff's motion to strike is procedurally and substantively deficient.

Plaintiff's mail interference and due process claims remain in dispute. Qualified immunity cannot be resolved given the underlying factual dispute.

Accordingly, for the reasons stated, it is HEREBY ORDERED that:

1.    Plaintiff's motion to file surreply (ECF No. 112) is DENIED and the proposed surreply (ECF No. 113) shall be STRICKEN from the record,

2.    Plaintiff's motion to strike portions of Defendants' summary judgment motion (ECF No. 103) is DENIED,

3.    Defendants' summary judgment motion (ECF No. 94) is DENIED, and

4.    The case shall remain open.

IT IS SO ORDERED.

Dated:   March 24, 2014          /s/ *Michael J. Seng*

UNITED STATES MAGISTRATE JUDGE