# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONTE ROLANDO HARRIS,<br><br>        Plaintiff,<br><br>    v.<br><br>H.A. RIOS, et al.,<br><br>        Defendants. | Case No. 1:09-cv-00781-MJS (PC)<br><br>**SECOND SCHEDULING ORDER DIRECTING CLERK'S OFFICE TO SEND COPY OF LOCAL RULE 281 TO PLAINTIFF**<br><br><u>Telephonic Trial Confirmation</u><br><u>Hearing</u>:    April 16, 2015 at 1:30 p.m. in Courtroom 6 (MJS)<br><br><u>Trial</u>:    June 2, 2015 at 8:30 a.m. in Courtroom 6 (MJS) |

    Plaintiff is a federal prisoner proceeding pro se in this civil rights action filed pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). In accordance with Rule 16(b) of the Federal Rules of Civil Procedure, the Court by this Order sets a further schedule for this litigation.

    The parties are required to file pretrial statements in accordance with the schedule set forth below. The pretrial statements must comply with the provisions of Local Rule 281. In addition, Plaintiff must make a particularized showing to obtain the attendance of witnesses. The procedures and requirements for doing so are outlined in detail below.

1

**Failure to comply with the provisions of this Order may result in the imposition of sanctions which could include dismissal of the action or entry of default.**

### A. Special Procedures for Plaintiff's Witnesses

At the trial of this case, Plaintiff must be prepared to introduce evidence to prove each of the alleged facts that support claims made in the lawsuit. In general, there are two kinds of trial evidence: (1) exhibits and (2) testimony of witnesses. It is Plaintiff's responsibility to produce all of the evidence to prove his case, whether that evidence is in the form of exhibits or testimony from witnesses. If Plaintiff wants to call witnesses to testify, he must comply with the following procedures to ensure that the witnesses will appear at trial and be available to testify. Failure to comply with the procedures set forth below may result in the Court precluding testimony from Plaintiff's witnesses.

1. <u>Procedures for Obtaining Attendance of Incarcerated Witnesses Who Agree to Testify Voluntarily</u>

An incarcerated witness who agrees to come to court and testify at trial can only do so if the Court orders the warden or other custodian to allow him or her to be transported to court. The Court will not issue such an order unless it is satisfied that: (a) the prospective witness is willing to attend; and (b) he or she has actual knowledge of relevant facts.

If Plaintiff wants to call such witnesses, Plaintiff must serve and file <u>with the pretrial statement</u> a written motion for a court order directing that the witnesses be brought to trial. The motion must: (1) state the name, address, and prison identification number of each such witness; and (2) include declarations showing that each witness is willing to testify and that each witness has actual knowledge of relevant facts. The motion should be entitled "Motion for Attendance of Incarcerated Witnesses."

The <u>willingness of the prospective witness</u> to come and testify can be shown in one of two ways: (a) the Plaintiff can swear under penalty of perjury that the prospective witness has informed him that he or she is willing to testify voluntarily without being subpoenaed; if so, the declaration must state when and where the witness so advised the Plaintiff; or (b)

1  Plaintiff can serve and file a declaration, signed under penalty of perjury by the prospective
2  witness, in which the witness states he or she is willing to testify without being subpoenaed.
3      The <u>prospective witness's actual knowledge</u> of relevant facts also can be shown in
4  one of two ways: (a) if Plaintiff has actual firsthand knowledge that the prospective witness
5  was an eyewitness or an ear-witness to the relevant facts (for example, if the incident
6  occurred in Plaintiff's cell and Plaintiff saw that a cellmate was present at the time and
7  observed the incident), Plaintiff can swear by declaration under penalty of perjury that the
8  prospective witness has actual knowledge; or (b) Plaintiff can serve and file a declaration
9  signed under penalty of perjury by the prospective witness in which the witness describes
10 the relevant facts to which he or she was an eye- or ear-witness.
11     Whether the declaration is made by the Plaintiff or by the prospective witness, it
12 must be specific about the incident, when and where it occurred, who was present, and
13 how the prospective witness happened to be in a position to see or hear what occurred.
14     The Court has discretion to grant a motion for the attendance of incarcerated
15 witnesses if the moving party shows that the witnesses have relevant information and the
16 Court finds that the witnesses' presence will substantially further the resolution of the case.
17 *Wiggins v. County of Alameda*, 717 F.2d 466, 468 n.1 (9th Cir. 1983). The Court will review
18 and rule on the motion for attendance of incarcerated witnesses, specifying which will be
19 brought to court. Subsequently, the Court will order the witness's custodian to bring the
20 witness to court.
21     **Motions for the attendance of incarcerated witnesses, if any, must be filed**
22 **on or before March 6, 2015. Oppositions, if any, must be filed on or before March 27,**
23 **2015.**
24     2.   <u>Procedures for Obtaining Attendance of Incarcerated Witnesses Who</u>
25 <u>Refuse to Testify Voluntarily</u>
26      If Plaintiff seeks to obtain the attendance of incarcerated witnesses who refuse to
27 testify voluntarily, Plaintiff should submit with his or her pretrial statement a motion for the
28 attendance of such witnesses. Such motion should be in the form, and contain the same

information, called for above and show that the witnesses have relevant information. In addition, Plaintiff must indicate that the incarcerated witnesses are not willing to testify voluntarily.

3. <u>Procedures for Obtaining Attendance of Unincarcerated Witnesses Who Agree to Testify Voluntarily</u>

Plaintiff does not need Court permission or a Court Order to have unincarcerated witnesses appear and testify if the witnesses are willing to do so voluntarily (and Plaintiff has properly identified the witnesses in his Pretrial Statement). It is Plaintiff's sole responsibility to notify the witness of the time and date of trial and arrange for his presence. The Court need not be involved.

4. <u>Procedures for Obtaining Attendance of Unincarcerated Witnesses Who Refuse to Testify Voluntarily</u>

If a prospective witness is not incarcerated, and he or she refuses to testify voluntarily, the witness must be served with a subpoena. Fed. R. Civ. P. 45. In addition, the party seeking the witness's presence must deposit fees for the witness in advance of subpoenaing the witness. <u>Id.</u> In the case of an unincarcerated witness, the fee that must be deposited is the daily witness fee of $40.00 plus the witness's travel expenses. 28 U.S.C. § 1821.

If Plaintiff wishes to obtain the attendance of one or more unincarcerated witnesses who refuse to testify voluntarily, Plaintiff must first notify the Court in writing of the name and location of each unincarcerated witness. **Plaintiff is to notify the Court of the names and locations of such witnesses on or before March 6, 2015.**

The Court will calculate the travel expense for each such witness and notify Plaintiff of the amount(s) to be deposited for each. Plaintiff must then, for each witness, submit a money order made payable to the witness for the full amount of the witness's travel expenses plus the daily witness fee of $40.00. <u>The subpoena will not be served on the unincarcerated witness by the United States Marshal unless the money order is tendered to the Court</u>. There is no legal basis for using public funds to cover such expenses in civil

cases even for parties proceeding in forma pauperis.

If Plaintiff wishes to have the Marshal serve any unincarcerated witnesses who refuse to testify voluntarily, **Plaintiff must submit the money orders to the Court on or before March 27, 2015**.

### B. Scheduling Order

With regard to the further litigation and trial of this matter, the Court specifically ORDERS as follows:

1. This matter is set for telephonic trial confirmation hearing before the Honorable Michael J. Seng, U.S. Magistrate Judge, on **April 16, 2015, at 1:30 p.m.** in Courtroom 6;
2. This matter is set for trial before the Honorable Michael J. Seng on **June 2, 2015, at 8:30 a.m.** in Courtroom 6;
3. Counsel for Defendants is required to arrange for the participation of Plaintiff in the telephonic trial confirmation hearing and to initiate the telephonic hearing at **(559) 499-5946**;
4. Plaintiff shall serve and file a pretrial statement as described in this Order **on or before March 6, 2015;**
5. Defendants shall serve and file a pretrial statement as described in this Order **on or before March 27, 2015**;
6. In addition to electronically filing their pretrial statement, Defendants shall e-mail the pretrial statement to: mjsorders@caed.uscourts.gov;
7. If Plaintiff intends to call incarcerated witnesses at time of trial, Plaintiff shall serve and file a motion for attendance of incarcerated witnesses as described in this Order **on or before March 6, 2015**;
8. The opposition to the motion for the attendance of incarcerated witnesses, if any, shall be filed **on or before March 27, 2015**;
9. If Plaintiff wishes to obtain the attendance of unincarcerated witnesses who refuse to testify voluntarily, Plaintiff must notify the Court of their names and

locations **on or before March 6, 2015**, and Plaintiff must submit the money orders, as described in section A subsection 4 of this Order, to the Court **on or before March 27, 2015**;

10. The Clerk's Office shall send Plaintiff a copy of Local Rule 281.

IT IS SO ORDERED.

Dated:   September 12, 2014              /s/ *Michael J. Seng*
                                        UNITED STATES MAGISTRATE JUDGE