UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONTE ROLANDO HARRIS,<br><br>Plaintiff,<br><br>v.<br><br>H.A. RIOS, et al.,<br><br>Defendants. | Case No.  1:09-cv-0781-MJS (PC)<br><br>**ORDER DENYING MOTION FOR DEFAULT JUDGMENT**<br><br>**(ECF No. 121)** |

Plaintiff is a federal prisoner proceeding pro se in this civil rights action filed April 27, 2009 pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971). The action proceeds on Plaintiff's First Amendment claim against Defendants Gonzaga, Cobb, Zaragoza, and Valero for delay in delivery of incoming seized mail; his First Amendment claim against Defendant Cobb for interception and seizure of outgoing mail; and his Fifth Amendment due process claim against Defendants Estrada, Cobb, Valero, and Zaragoza for failing to provide notice his mail was seized. All parties have consented to the jurisdiction of a Magistrate Judge for all purposes in accordance with 28 U.S.C. § 636(b)(1)(B).

Defendants were served in this matter February 7, 2012 (ECF No. 55) and filed their answer on October 25, 2012 (ECF No. 69). On September 9, 2013, Defendants filed a motion for summary judgment. (ECF No. 94.) The motion was denied on March 25, 2014. Trial is scheduled to commence on June 2, 2015. (ECF No. 116.)

Before the Court is Plaintiff's April 10, 2015 motion for default judgment. (ECF No. 121.) Plaintiff appears to argue that he is entitled to default judgment on the ground Defendants' motion for summary judgment was insufficiently supported.

Federal Rule of Civil Procedure 55(a) requires the Clerk of Court to enter default against a party when that party has "failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise." Once default has been entered, the burden shifts back to the Plaintiff to move for the entry of default judgment. Fed. R. Civ. P. 55(b)(2). The entry of default against a defendant does not necessarily entitle Plaintiff to a default judgment. Aldabe v. Aldabe, 616 F.2d 1089, 1092 (9th Cir. 1980). A court may consider numerous factors in deciding whether to exercise its discretion to enter a default, including the merits of plaintiff's substantive claim, the possibility of disputed material facts, whether defendant's default was due to excusable neglect, and the strong policy favoring decisions on the merits. Eitel v. McCool, 782 F.2d 1470, 1472 (9th Cir.1986) (citation omitted).

In the instant action, Defendants filed an answer to Plaintiff's complaint, and there is no basis for entering default against them. Their failure to prevail on summary judgment does not entitle Plaintiff to the entry of default or a default judgment.

Accordingly, Plaintiff's motion for default judgment (ECF No. 121) is HEREBY DENIED.

IT IS SO ORDERED.

Dated:   April 13, 2015                            /s/ *Michael J. Seng*
                                                   UNITED STATES MAGISTRATE JUDGE