UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONTE ROLANDO HARRIS, <br><br> Plaintiff, <br><br> v. <br><br> H.A. RIOS, et al., <br><br> Defendants. | CASE NO. 1:09-cv-00781-MJS (PC) <br><br> **ORDER DENYING REQUEST FOR COURT ORDER** <br><br> **(ECF No. 135)** |

Plaintiff is a federal prisoner proceeding pro se in this civil rights action filed April 27, 2009 pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971). The action proceeds on Plaintiff's First Amendment claim against Defendants Gonzaga, Cobb, Zaragoza, and Valero for delay in delivery of incoming seized mail; his First Amendment claim against Defendant Cobb for interception and seizure of outgoing mail; and his Fifth Amendment due process claim against Defendants Estrada, Cobb, Valero, and Zaragoza for failing to provide notice his mail was seized.

The matter previously was set for trial on June 2, 2015. (ECF No. 116.) However, during the May 27, 2015 telephonic trial confirmation hearing, defense counsel requested a continuance due to the unavailability of Defendant Gonzaga. Plaintiff raised the possibility of dismissing his claims against Defendant Gonzaga. Defense counsel did

not oppose a possible dismissal but nonetheless maintained his request for a continuance because he believed Defendant Gonzaga is a necessary witness at trial. Defendant's request was granted and trial was continued to August 20, 2015. (ECF No. 133.)

On June 1, 2015, Plaintiff filed a letter with the Court, referencing his offer to dismiss Defendant Gonzaga and asking that defense counsel be directed to communicate the offer directly to Defendant. (ECF No. 135.) Plaintiff's request appears to be motivated by his desire to expedite trial in this matter, and to avoid further transit from and to Fresno County for trial.

Where a defendant has appeared in the action by filing an answer, Plaintiff may dismiss the action only by stipulation signed by all parties who have appeared or by court order on terms the Court deems proper. Fed. R. Civ. P. 41(a). Plaintiff may seek such a stipulation from Defendant Gonzaga, through counsel, at any time. However, the Court cannot require Defendant Gonzaga to agree to such a stipulation. Further, based on defense counsel's representation that Defendant Gonzaga is a necessary witness, the Court is disinclined to revisit its decision to continue trial to August 20, 2015.

Accordingly, Plaintiff's request for further Court action with regard to his offer of dismissal is HEREBY DENIED.

IT IS SO ORDERED.

Dated:   June 8, 2015                        /s/ *Michael J. Seng*
                                             UNITED STATES MAGISTRATE JUDGE