UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONTE ROLANDO HARRIS , <br><br> Plaintiff, <br><br> v. <br><br> H.A. RIOS, et al., <br><br> Defendants. | CASE NO. 1:09-cv-00781-MJS (PC) <br><br> **ORDER REGARDING LETTERS** <br><br> **(ECF Nos. 137, 138, 139)** <br><br> **DEFENDANT GONZAGA TO ADVISE COURT WITHIN FIVE (5) DAYS OF ANY CHANGE IN AVAILABILITY FOR TRIAL** |

Plaintiff is a federal prisoner proceeding pro se in this civil rights action filed April 27, 2009 pursuant to <u>Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971). The action proceeds on Plaintiff's First Amendment claim against Defendants Gonzaga, Cobb, Zaragoza, and Valero for delay in delivery of incoming seized mail; his First Amendment claim against Defendant Cobb for interception and seizure of outgoing mail; and his Fifth Amendment due process claim against Defendants Estrada, Cobb, Valero, and Zaragoza for failing to provide notice his mail was seized.

The matter previously was set for trial on June 2, 2015. (ECF No. 116.) However, during the May 27, 2015 telephonic trial confirmation hearing, defense counsel requested a continuance due to the unavailability of Defendant Gonzaga. Plaintiff raised the possibility of dismissing his claims against Defendant Gonzaga. Defense counsel did not oppose a possible dismissal but nonetheless maintained his request for a

1

continuance because he believed Defendant Gonzaga is a necessary witness at trial. Defendant's request was granted and trial was continued to August 20, 2015. (ECF No. 133.)

On June 9, June 10, and June 17, 2015, Plaintiff filed letters (ECF Nos. 137, 138, and 139, respectively), stating that he remains at the Fresno County Jail awaiting his August trial, and asking to be returned to his regular institution in Indiana.

On June 1, 2015, the Court amended the writ of habeas corpus ad testificandum, thereby advising Plaintiff's custodian of the continuance of trial in this action. Nothing about this case requires Plaintiff's presence here other than for trial, and the Court is sympathetic to Plaintiff's desire to be returned to his primary facility during this delay which resulted from no fault of his own. However, the Court has no control over Plaintiff's custody status or power to order him returned to Indiana.

The Court will, however, consider trying to advance the trial date, to the extent possible, in the event Defendant Gonzaga becomes available for trial sooner than originally anticipated.

Accordingly, defense counsel is HEREBY ORDERED to notify the Court, forthwith, and certainly within five (5) days of any change in Defendant Gonzaga's availability for trial.

IT IS SO ORDERED.

Dated:   June 17, 2015                       /s/ *Michael J. Seng*
                                             UNITED STATES MAGISTRATE JUDGE