UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONTE ROLANDO HARRIS,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>H.A. RIOS, et al.,<br><br>　　　　Defendants. | CASE No. 1:09-cv-00781-MJS (PC)<br><br>**ORDER DENYING MOTION FOR RECONSIDERATION**<br><br>**(ECF No. 155)** |

　　Plaintiff is a federal prisoner proceeding pro se in this civil rights action filed pursuant to <u>Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971). On August 20 2015, the matter proceeded to a bench trial on Plaintiff's First and Fifth Amendment claims against Defendants Estrada, Gonzaga, Cobb, Zaragoza, and Valero for interference with Plaintiff's mail. (ECF No. 148.) During trial, judgment was granted as to Defendants Estrada, Gonzaga, and Valero pursuant to Federal Rule of Civil Procedure 52(c). On December 3, 2015, the Court issued a memorandum of decision and judgment in favor of Defendants Cobb and Zaragoza. (ECF No. 153.)

　　Before the Court is Plaintiff's December 21, 2015 motion for reconsideration of the judgment in favor of Cobb and Zaragoza. (ECF No. 155.) Defendants filed an opposition. (ECF No. 156.) Plaintiff filed no reply. The matter is submitted. Local Rule 230(*l*).

## I. LEGAL STANDARD

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir. 2009). "A motion for reconsideration may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised in earlier litigation." Id. Moreover, "recapitulation of the cases and arguments considered by the court before rendering its original decision fails to carry the moving party's burden." U.S. v. Westlands Water Dist., 134 F. Supp. 2d 1111, 1131 (9th Cir. 2001) (quoting Bermingham v. Sony Corp. of Am., Inc., 820 F. Supp. 834, 856-57 (D.N.J. 1992)). Similarly, Local Rule 230(j) requires that a party seeking reconsideration show that "new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion . . . ."

Additionally, Rule 60(b) allows the Court to relieve a party from a final judgment or order on grounds of: "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence . . . ; (3) fraud . . . , misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied . . . ; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief." Fed. R. Civ. P. 60(b). Rule 60(b)(6) "is to be used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances" exist. Harvest v. Castro, 531 F.3d 737, 749 (9th Cir. 2008) (internal quotations marks and citation omitted). The moving party bears the burden of demonstrating that relief under Rule 60(b) is appropriate. Cassidy v. Tenorio, 856 F.2d 1412, 1415 (9th Cir. 1988).

## II. DISCUSSION

Plaintiff first argues that Defendant Cobb's testimony at trial should not be credited. According to Plaintiff, Defendant Cobb testified that he had no reason to

believe specified mail at issue in this case was contraband. Furthermore, according to Plaintiff, Cobb admitted during discovery that he confiscated this mail.

These facts do not present grounds for reconsideration and, in any event, misrepresent the evidence before the Court. Contrary to Plaintiff's argument, Cobb testified that he believed the specified mail was contraband. The admissions referred to by Plaintiff are not before the Court.[1] According to Defendant, Defendant Cobb admitted during discovery that the mail was contraband, but did not admit that he personally confiscated it. In this regard, Cobb's testimony appears to be consistent with his discovery responses. The Court finds no basis for reconsideration of the judgment with respect to Defendant Cobb.

Plaintiff next argues that Defendant Zaragoza's testimony that certain of Plaintiff's mail constituted contraband should not be credited. He points to exhibits that he believes contradict Zaragoza's testimony. These arguments were raised and considered at trial. Ultimately, the Court did not credit Plaintiff's contrary testimony regarding the items at issue. Plaintiff's reiteration of this argument does not present a basis for reconsideration.

### III.  CONCLUSION AND ORDER

Based on the foregoing, Plaintiff's motion for reconsideration is HEREBY DENIED.

IT IS SO ORDERED.

Dated:   March 22, 2016            /s/ *Michael J. Seng*
                                   UNITED STATES MAGISTRATE JUDGE

---

[1] The Court received mail from Plaintiff on August 24, 2015, indicating that the admissions were enclosed. (ECF No. 149.) However, no exhibits or attachments were included with Plaintiff's letter.

3